NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN SILVERMAN, | No. 08-70384 |
| Petitioner - Appellant, | Tax Ct. No. 13629-05L |
| v. | MEMORANDUM[*] |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted April 6, 2010
Pasadena, California

Before: FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

Petitioner Marvin Silverman appeals the tax court's entry of summary

judgment in favor of Respondent Commissioner of Internal Revenue for

Petitioner's tax liabilities for 1989, 1990, and 1998. We affirm.

1. Petitioner had an opportunity in his earlier bankruptcy proceeding to

challenge his underlying tax liabilities. In general, when the Internal Revenue

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Service submits a proof of claim for unpaid federal tax in a taxpayer's bankruptcy action, the taxpayer has an opportunity to dispute the liabilities for purposes of 26 U.S.C. § 6330(c)(2)(B). Kendricks v. Comm'r, 124 T.C. 69, 77 (2005). Here, in Petitioner's bankruptcy case, the IRS timely submitted proof of claims for Petitioner's unpaid tax liabilities, and Petitioner (who was represented by counsel) could have contested those claims. But during the lengthy course of the bankruptcy, Petitioner did not dispute those tax liabilities. Accordingly, Petitioner had an opportunity to challenge the underlying liabilities even though he did not take advantage of it.

2. It is within Respondent's discretion to grant Petitioner a face-to-face meeting. 26 C.F.R. § 301.6330-1(d)(2)(A-D6). Because Petitioner raised only groundless claims, such as a demand to inspect documents that the government was not required to provide, he was not entitled to a face-to-face meeting. See id. § 301.6330-1(d)(2)(A-D7) (stating that a taxpayer who presents relevant, non-frivolous arguments in the hearing request ordinarily will be offered the opportunity for a face-to-face meeting). Respondent scheduled a telephonic meeting with Petitioner, but Petitioner failed to provide the correct contact information that would have allowed the conference to occur. Accordingly, Petitioner has failed to establish a regulatory or statutory violation.

AFFIRMED.